■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE GEORGE SMITH, Appellant.— Appeal by the defendant from a judgment of the County Court of Cortland County under which he was resentenced to from 7½ to 15 years at Attica Prison. On September 10, 1956 the defendant was indicted on four counts of forgery in the second degree as a third offense with the indictment setting forth the two previous felonies. He was assigned counsel, plead not guilty but then withdrew his plea and plead guilty on one count. On October 29, 1956 he was sentenced to from 7½ to 15 years at Attica Prison and the other three counts of the indictment were dismissed. In May of 1959 the defendant instituted a habeas corpus proceeding contending that section 480 of the Code of Criminal Procedure had not been complied with at the time of his sentencing. The writ was sustained and he was ordered returned to Cortland County for resentencing. At the resentencing on June 15, 1959 the defendant was represented by counsel and motions in arrest of judgment were made contending that the indictment was faulty in that it did not set forth that the second felony alleged was committed before the first felony and further on the basis of section 275-b of the Code of Criminal Procedure which was enacted in 1957 to the effect that previous convictions for crimes shall no longer be set forth in the indictment. The court denied the motions and again sentenced the defendant to from 7½ to 15 years at Attica Prison. The defendant contends that under section 275-b the indictment was defective since it set forth prior convictions. Section 275-b was not enacted until 1957, this indictment was returned in 1956 and even though the defendant was resentenced on it in 1959 section 275-b would not affect the validity of an indictment that predated its effective date. The contention that the indictment must show, in regard to the prior two convictions, that one was committed after the other is likewise without merit. The defendant contends that the probation report referred to by the Judge listed crimes he had not committed. However, he raised certain objections to that at the time of the sentencing and the Judge stated that even accepting the corrections he would impose the same sentence. Further the argument that there is no such crime as forgery in the second degree as a third offense is baseless for it clearly refers to the defendant being a third offender. Judgment unanimously affirmed, without costs.